## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| **JAMES COUCH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action File No.** |
| **v.** | ) | _____ |
| | ) | |
| **CONVENIENCE STORE, INC.** | ) | |
| **and WILLIAM JONES** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, James Couch (hereinafter "Couch"), by and through undersigned counsel, and files this lawsuit against Convenience Store, Inc. ("Convenience Store") and William Jones ("Defendants"), pursuant to § 216(b) of the Fair Labor Standards Act of 1938, showing as follows:

## INTRODUCTION

1.

William Jones is the owner of Convenience Store. William Jones and Convenience Store jointly employed Couch. Therefore, Convenience Store and William Jones are joint employers.

2.

The instant action arises from Defendants' violations of Couch's rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended (hereinafter "FLSA"), to remedy violations of the FLSA by Defendants which have deprived Couch of his lawful overtime wages.

3.

During the employment of Couch, Defendants violated the FLSA by failing to compensate Couch for all of the overtime hours that he worked.

4.

Couch seeks unpaid overtime compensation for work performed, unpaid regular wages, liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

5.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and 29 U.S.C. § 216(b) (FLSA).

6.

Venue is proper in the Middle District of Georgia under 28 U.S.C. § 1391 (b) and (c) because the acts complained of occurred within the State of Georgia and because Defendants are subject to personal jurisdiction in this District.

**PARTIES**

7.

Couch resides in Manchester, Georgia (within this District) and is a citizen of the United States.

8.

At all times material to this action, Couch was an "employee" of Defendants defined by § 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States. Couch is further covered by §§ 203 and 207 of the FLSA for the period in which he was employed by Defendants.

9.

Convenience Store is a Georgia corporation with its principal office located at PO BOX 948, JACKSON, GA. Convenience Store regularly does business in the State of Georgia and may be served through its registered agent, William Jones at 407 E SECOND ST, JACKSON, GA, 30233. At all times material hereto, Convenience Store was an "employer" of Couch for purposes of the FLSA.

10.

Defendant William Jones is a Georgia resident.  On information and belief, William Jones is the owner of Convenience Store.  At all times material hereto, William Jones exercised control over significant aspects of the operations of Convenience Store, including employee compensation, and William Jones personally played a substantial role in causing the FLSA violations set forth in this Complaint.  As a result, William Jones was an "employer" of Couch for purposes of the FLSA, and William Jones is jointly and severally liable for the failure to pay Couch as required. Defendants maintained either actual or constructive control, oversight and direction of its employees, including the employment, pay, and other practices.

11.

At all times material to this action, William Jones and Convenience Store were Couch's "joint employer" for purposes of the FLSA due to an arrangement between the individual Defendants to share the services of Couch, and/or because one of the individual Defendants acted directly or indirectly in the interest of the other Defendants in relation to Couch, and/or because the individual Defendants shared control of Couch's employment, and/or because one Defendant controls the other Defendant, and/or because the Defendants are under common control.

12.

At all times hereto, Couch handled, sold, and/or worked with goods or materials that have been moved in or produced for interstate commerce, and he was thus engaged in interstate commerce during his employment with the Defendants.

13.

At all times material hereto, the Defendants had two or more employees who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for commerce. Thus, the Defendants were an enterprise engaged in commerce or in the production of goods for commerce for purposes of the FLSA.

14.

At all times material hereto and upon information and belief, Defendants have produced at least $500,000 in annual gross volume of sales made or business done.

## **FACTUAL ALLEGATIONS**

15.

From approximately January 15, 2016 until August 14, 2017, Couch worked at Defendants' Piggly Wiggly store in Manchester, Georgia as a "food stocker".

16.

Upon information and belief, Convenience Store owns several grocery stores.

17.

Upon information and belief, Convenience Store has at least $500,000 of annual gross volume of sales made or business done.

18.

At all times relevant hereto, Couch was not responsible for managing any other employees. Couch did not conduct any employees' reviews, schedules, vacation requests or warnings.

19.

At all times relevant hereto, Couch was a non-exempt employee for purposes of overtime compensation.

20.

While employed by Defendants, Couch was always required to work in excess of forty (40) hours a week.

21.

During Couch's employment with Defendants, Couch was frequently asked to work off the clock.

22.

Defendants did not compensate Couch for the hours he worked "off the clock".

23.

These off the clock hours should have been compensated at an overtime rate at one and half times the regular rate of pay, as they were hours worked in excess of forty (40) hours a week.

24.

The records, if any, concerning the number of hours actually worked and the compensation actually paid to Couch are in the possession of Defendants.

## COUNT ONE: FLSA VIOLATION (OVERTIME)

25.

Couch re-alleges and incorporates paragraphs 1 through 24 of this Complaint, as if fully set forth herein.

26.

Defendants failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA, 29 U.S.C. § 207 or § 213, with respect to Couch.

27.

Defendants failed to meet the requirements for paying Couch at the rate of at least one and one-half times the regular hourly rate for time worked in excess of forty (40) hours per week as legally required under the compensation requirements of the FLSA, 29 U.S.C. § 203 and § 207.

28.

Defendants are liable to Couch for compensation for any and all time Couch worked in excess of forty (40) hours per week at the rate of at least one and one-half times the regular hourly rate as legally required under the compensation requirements of the FLSA, 29 U.S.C. § 203 and § 207.

29.

By its actions alleged herein, Defendants willfully, intentionally, knowingly, and/or recklessly violated the FLSA provisions and corresponding federal regulations.

30.

Defendants willfully and intentionally engaged in a pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay overtime compensation to Couch in accordance with § 203 and § 207 of the FLSA.

31.

As a result of Defendants' violations of the FLSA, Couch has suffered damages by failing to receive overtime wages in accordance with § 203 and § 207 of the FLSA.

32.

As a result of Defendants' willful violations of the FLSA, Couch is entitled to liquidated damages.

## COUNT TWO: BREACH OF CONTRACT

33.

Couch re-alleges and incorporates Paragraphs 1 through 32 of this Complaint, as if fully set forth herein.

34.

Defendants agreed to pay Couch an hourly wage for each hour worked.

35.

By failing to pay Couch for each hour worked at an overtime rate, Defendants breached their agreement with Couch.

36.

As a result of Defendants' breach of contract, Couch is entitled to damages, including pre-judgment interest, in an amount to be determined at trial.

## COUNT THREE: ATTONREYS' FEES AND EXPENSES

37.

Couch re-alleges and incorporates paragraphs 1 through 36 of this Complaint, as if fully set forth herein.

38.

Couch has retained undersigned counsel to represent him in this action and has incurred costs and reasonable attorneys' fees.

39.

Pursuant to 29 U.S.C. § 216(b), Couch is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

40.

Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Couch.

41.

As a result of Defendants' unlawful acts, Couch has been deprived of overtime compensation in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation.

## **PRAYER FOR RELIEF**

WHEREFORE, Couch prays for the following relief:

(a)     that he be awarded damages in the amount of his unpaid
        compensation, plus an equal amount of liquidated damages;

(b)     that he be awarded the costs and expenses of this action; and

(c)     that this Court enter such other and further relief as is just and proper
        under the circumstances.


        Respectfully submitted this <u>2nd</u> day of November, 2017.


                                        **COHAN LAW GROUP, LLC**

                                        */s/ Louis R. Cohan*
                                        _____
                                        LOUIS R. COHAN
                                        Georgia Bar No. 173357
                                        ARIEL D. FENSTER
                                        Georgia Bar No. 420858

3340 Peachtree Road, NE, Suite 2570
Atlanta, Georgia 30326
(404) 891-1770
(404) 891-5094 (facsimile)
lcohan@cohanlawgroup.com
afenster@cohanlawgroup.com

I further certify that the foregoing has been prepared in a Times New Roman 14-point font, one of the font and point selections approved by the Court in Local Rule 5.1(C).

**COHAN LAW GROUP, LLC**

*/s/ Ariel D. Fenster*
_____
ARIEL D. FENSTER
Georgia Bar No. 420858
